SEAMEN'S BANK FOR SAVINGS IN CITY OF NEW YORK, Plaintiff,
*v.* CHASE NATIONAL BANK OF CITY OF NEW YORK and Others,
Defendants.*

Supreme Court, New York County, June 20, 1934.

*Jerome A. Gristina,* for the plaintiff.

*Barry, Wainwright, Thacher & Symmers,* for the defendants.

WALSH, J. This is a motion by plaintiff for the confirmation of
the referee's report of sale and for a deficiency judgment. The
prayer for confirmation is not opposed, but the application for a
deficiency judgment is. The action is for the foreclosure of a mort-
gage. It has proceeded to judgment and the mortgaged premises
have been sold to plaintiff for $100,000, and the referee's deed has
been executed and delivered. The judgment, among other things,
provides " that the amount of the deficiency judgment, if any, be
determined pursuant to section 1083-a of the Civil Practice Act;
that if the court on subsequent application so directs, that the

---

* See, also, *Central Hanover Bank & Trust Co.* v. *Boccia* (244 App. Div. 106).

defendants William McBain, Edward J. Hancy, sole surviving trustee under deed of trust in liber 28, cp. 489, and the Chase National Bank of the City of New York, as substituted trustee under the deed of trust in liber 1989, cp. 47, pay same to the plaintiff and that the plaintiff have execution therefor." The referee's report of sale shows a deficiency of $76,771.44 due to the plaintiff upon the basis of plaintiff's bid of $100,000. Proof is submitted that the reasonable market value of the premises upon the date of the foreclosure sale was $150,000. Based upon this valuation plaintiff's deficiency herein is $26,371.44, and it is this sum, with interest from the date of the delivery of the deed, for which a deficiency judgment is sought. The sale of the premises under the judgment of foreclosure took place on March 13, 1934, and the referee's deed was delivered on March 15, 1934. The present application was made by notice of motion dated June 8, 1934, and served on said date, the motion being returnable on June 13, 1934. On the return day the motion was adjourned to June 15, 1934, when it was heard. The defendants concede that plaintiff's rights are not affected by the adjournment of the motion to June 15, 1934, but claim that the plaintiff's motion was not timely made. This necessitates a consideration of the statute upon which plaintiff's right to the relief is based.

By chapter 794 of the Laws of 1933 (§ 2), in effect August 28, 1933, section 1083-a was added to the Civil Practice Act. This section, so far as here material, reads as follows: " Limitation upon deficiency judgments during emergency period. No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment * * *. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." By chapter 562 of the Laws of 1934 (approved by the Governor on May 14, 1934, and effective on such date), section 1083-a was amended by adding thereto a new paragraph in substance providing that irrespective of the recovery of a deficiency judgment the court shall direct that all moneys remaining in the hands of the receiver shall be paid to the plaintiff. By chapter 564 of the Laws of 1934 (approved by the Governor on May 12, 1934, and effective on such

date) section 1083-a was amended by substituting for the words " ninety days after the date of the sale " the words " ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser." This amendment omitted entirely any reference to receivership moneys contained in chapter 562.

It is defendants' contention that the provisions of chapter 564, permitting the motion for a deficiency judgment to be made ninety days after the delivery of the deed, was in effect repealed by the provisions of chapter 562, under which, as in the section as originally enacted in 1933, the motion was required to be made within ninety days after the sale. The obvious purpose of chapter 562 was to amend section 1083-a by adding thereto the provision respecting payment of moneys in the hands of the receiver. On the other hand, the obvious purpose of section 564 was to change the provisions of said section respecting the time within which the motion for a deficiency judgment could be made. The clear intent of the Legislature in passing and of the Governor in approving these bills was to amend the section in both respects. The alleged inconsistency in these amendments is apparent, not real. The purpose of one was to amend the law in one respect. The purpose of the other was to amend it in another and entirely different respect. There was no conflict between these two amendments. In such case intent must govern, and consequently each chapter should be deemed to have amended section 1083-a in accordance with its declared amendatory intentions. The Legislature in passing the bill which subsequently became chapter 564 at a later date than it passed the bill which afterwards became chapter 562 cannot be deemed to have intended to amend a law upon which they had not yet acted. Nor can the subsequent approval by the Governor of these bills be held as an act changing the legislative intent. Neither expressly nor by implication does one statute repeal the other, and in such case the circumstance that one of the bills was approved a few days before the other does not permit such construction to be placed thereon as would be in clear disregard of the manifest legislative intent. As the application here was made within ninety days after the delivery of the referee's deed, the same was timely made.

Motion granted as prayed for. Settle order on notice.